**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                            **Case No.: 8:25-cr-485-CEH-NHA**

**JULIAN ANDREWS**

_____ /

## MOTION TO SUPPRESS

COMES NOW, the Defendant, JULIAN ANDREWS, by and through the undersigned attorney, pursuant to the Fourth Amendment to the United States Constitution and Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, and respectfully requests this Honorable Court to suppress all evidence seized during the warrantless search of his backpack on August 21, 2022.

## STATEMENT OF FACTS

1. On August 21, 2022, Deputy Alexander Maldonado of the Hillsborough County Sheriff's Office initiated a traffic stop on a motorcycle driven by Mr. Andrews for an improper tag display. Maldonado Dep. 6:7-18, Mar. 8, 2023 (Ex. A).

2. Mr. Andrews stopped the motorcycle but subsequently fled on foot while wearing a black backpack. *Id*. at 9:14-21, 10:12-13.

3. Following a brief pursuit of 20-30 yards, law enforcement tased,

apprehended, and handcuffed Mr. Andrews. *Id*. at 12:1-5, 14:19-20.

4. When Mr. Andrews was tased he lost control of his own body, fell forward, and the backpack flew up in the air, landing 3-5 feet away from him. *Id*. at 15:9-10, 15:20-23.

5. Mr. Andrews was then secured in the rear of a marked patrol vehicle. *Id*. at 16:22-17:1.

6. After Mr. Andrews was fully secured and no longer had any physical access to the backpack, Deputy Taylor Zackman conducted a warrantless search of the bag. *Id*. at 17:23-18:3.

7. The deputy justified the search as "incident to arrest" for the offense of resisting without violence. Zackman Dep. 12:19-21, Mar. 8, 2023 (Ex. B).

8. This search yielded the contraband that is the subject of this motion. Maldonado Dep. at 19:6-7, Zackman Dep. at 14:4-7.

9. Subsequent to his arrest Mr. Andrews was questioned and made statements regarding this offense. Maldonado Dep. at 21:5-11.

**MEMORANDUM OF LAW**

**I. The Warrantless Search of the Backpack Was Not a Valid Search Incident to Arrest Under *Arizona v. Gant*.**

The Fourth Amendment protects individuals against unreasonable searches and seizures, and warrantless searches are *per se* unreasonable

subject only to a few specifically established and well-delineated exceptions. The search incident to arrest exception is limited to two specific circumstances: (1) when the arrestee is unsecured and within reaching distance of the area to be searched at the time of the search, or (2) when it is reasonable to believe that evidence relevant to the crime of arrest might be found. *Arizona v. Gant*, 556 U.S. 332, 343 (2009).

Neither justification applies here. At the time of the search, Mr. Andrews was handcuffed and secured in the back of a locked patrol car. Consequently, he was not within reaching distance of the backpack and posed no threat to officer safety or the preservation of evidence. Furthermore, Mr. Andrews was arrested for resisting without violence. The Eleventh Circuit and the Supreme Court have made clear that for many offenses, there is no reason to believe that evidence of the crime could be found in a container or vehicle. *Id.*; *see also United States v. Davis*, 598 F.3d 1259, 1262 (11th Cir. 2010). There is no physical evidence of resisting without violence that would be contained within a closed backpack.

## II. The Inevitable Discovery Doctrine is Inapplicable Because the Search Was Not a Valid Inventory Search.

The government cannot justify the search by claiming the evidence would have been inevitably discovered during a jail inventory. To invoke the inevitable discovery doctrine, the government must prove by a preponderance

of the evidence that the items would have been discovered through a legitimate, inevitable, and routine procedure. *United States v. Johnson*, 777 F.3d 1270, 1274 (11th Cir. 2015).

Since the bag would not be evidence or subject to search incident to arrest it would only be searched in a potential inventory search. An inventory search cannot be used as a subterfuge for a general rummaging in order to discover incriminating evidence. *Florida v. Wells*, 495 U.S. 1, 4 (1990). The deputy's contemporaneous statement that the search was "incident to arrest" confirms that the primary motive was investigative rather than administrative. Because the government cannot show that a standardized policy mandated the search of this specific type of personal property under these circumstances, the inevitable discovery exception does not apply.

Furthermore, the government cannot establish that the backpack would have inevitably been transported to the jail and subjected to an inventory search. For an arrest of this nature involving a motorcycle and personal effects, it is customary practice to allow the arrestee to call another person to retrieve their belongings from the scene. By immediately conducting a warrantless and illegal "search incident to arrest," law enforcement bypassed this standard procedure. Had the officers followed the customary practice of allowing a third party to take possession of the motorcycle and the backpack, the bag would never have entered the jail's

property system. Therefore, the discovery of the evidence was not inevitable, as it was only made possible by the officers' decision to prioritize an investigatory search over the routine administrative handling of the Defendant's property. Because the government cannot show that a standardized policy mandated the search or the transport of this specific personal property under these circumstances, the inevitable discovery exception does not apply.

## III. Statements Obtained Following the Illegal Search Must be Suppressed as "Fruit of the Poisonous Tree."

Under the "fruit of the poisonous tree" doctrine, evidence derived from an illegal search or seizure—including verbal statements—must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963). When a statement is obtained as a direct result of an unlawful search, the government must prove that the connection between the illegal conduct and the statement was so attenuated as to dissipate the taint. *United States v. Terzado-Madruga*, 897 F.2d 1099, 1113 (11th Cir. 1990).

In this case, any statements made by Mr. Andrews regarding the contents of the backpack or his conduct were obtained only after the illegal search and as a direct result of being confronted with the illegally seized evidence. There were no intervening circumstances to break the causal chain between the unlawful search and the subsequent interrogation. Because the

search itself violated the Fourth Amendment, the statements are "tainted" and must be suppressed. *See United States v. Chanthasouxat*, 342 F.3d 1271, 1280 (11th Cir. 2003).

## CONCLUSION

Because Mr. Andrews was secured at the time of the search and there was no reasonable basis to believe the backpack contained evidence of the crime of arrest, the warrantless search violated the Fourth Amendment.

WHEREFORE, the Defendant respectfully requests this Court grant the Motion to Suppress and exclude all evidence derived from the illegal search.

DATED this 13th day of March 2026.

Respectfully submitted,

CHARLES PRITCHARD, JR.
FEDERAL DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email: ryan_maguire@fd.org

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Michael Kenneth, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
